IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| TYRONE RAMSEY, ) | |
| ) | |
| Petitioner, ) | |
| ) | |
| v. ) | Case No. 23-3050-JWL |
| ) | |
| D. HUDSON, Warden, USP-Leavenworth, ) | |
| ) | |
| Respondent. ) | |
| ) | |
| _____) | |

## ORDER TO SHOW CAUSE

This matter comes before the Court on the *pro se* petition filed by petitioner Tyrone Ramsey for habeas corpus relief under 28 U.S.C. § 2241. Petitioner claims that he has been denied First Step Act (FSA) credits for which he is eligible. More specifically, petitioner argues that he is in fact eligible for such credits under the FSA because he was not found in his criminal case to have been an organizer or had some other enhanced role in the offense.

Petitioner is correct insofar as he notes that the FSA makes one ineligible for the credits if he is serving a sentence for a conviction under 21 U.S.C. § 841(b)(1)(A)(i) or (B)(i) relating to the distribution of heroin *and* the sentencing court has found that the offender was an organizer, leader, manager, or supervisor of others in the offense. *See* 18 U.S.C. § 3632(d)(4)(D)(lxv). He is further correct that there was no such finding when he was sentenced in this Court.

The FSA also states, however, that one is ineligible for the credits if serving a sentence for a conviction under 21 U.S.C. 841(b)(1)(A) or (B) or (C) relating to the distribution of a controlled substance and death or serious bodily injury resulted from the use of the substance. *See* 18 U.S.C. § 3632(d)(4)(D)(lviii). A review of petitioner's criminal case reveals that he was convicted (after pleading guilty) of just such an offense. Indeed, as shown by an exhibit to the petition, the warden, in upholding the Unit Team's finding of ineligibility, noted that petitioner's offense conduct (as described in the presentence report) included the distribution of heroin from which two deaths resulted. Accordingly, the petition on its face demonstrates that petitioner is not entitled to the credits that he seeks under the FSA.

IT IS THEREFORE ORDERED BY THE COURT THAT petitioner must show cause in writing, on or before **March 20, 2023**, why his petition should not be denied on the merits for the reasons set forth herein. If petitioner fails to respond by that date, the petition shall be denied accordingly without further notice.[1]

IT IS SO ORDERED.

Dated this 17th day of February, 2023, in Kansas City, Kansas.

   /s/   John W. Lungstrum
Hon. John W. Lungstrum
United States District Judge

---

[1] In addition, as set forth in the separate Notice of Deficiency issued by the Clerk, petitioner is required to pay the filing fee or file a motion to proceed without payment of that fee.